Renée Welze Livingston – SBN 124280
Crystal L. Van Der Putten – SBN 227262
LIVINGSTON LAW FIRM
A Professional Corporation
1600 South Main Street, Suite 280
Walnut Creek, CA  94596
Tel: (925) 952-9880
Fax: (925) 952-9881
Email: rlivingston@livingstonlawyers.com
       cvanderputten@livingstonlawyers.com

Attorneys for Plaintiff
CLOROX SERVICES COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLOROX SERVICES COMPANY,<br><br>           Plaintiff,<br><br>     v.<br><br>VEOLIA ES TECHNICAL SOLUTIONS, LLC, and DOES 1-10,<br><br>           Defendants. | Case No.<br><br>**COMPLAINT FOR EXPRESS CONTRACTUAL INDEMNITY AND DEMAND FOR JURY TRIAL** |

COMES NOW plaintiff CLOROX SERVICES COMPANY and for causes of action against defendants, and each of them, alleges as follows:

1. Plaintiff CLOROX SERVICES COMPANY ("plaintiff" or "CLOROX") is a Delaware corporation authorized to do business and operating in the State of California. Its principal place of business is located in California.

2. CLOROX is informed and believes defendant VEOLIA ES TECHNICAL SOLUTIONS, LLC ("VEOLIA") is a Delaware limited liability company authorized to do business in the State of California. CLOROX is informed and believes VEOLIA's members are individuals and citizens of the State of Massachusetts.

3. CLOROX is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. CLOROX will amend this Complaint to allege defendants' true names and capacities when

1  ascertained.  CLOROX is informed and believes and thereon alleges that each of the fictitiously named defendants is jointly or jointly and severally liable for CLOROX's damages.  All references in this Complaint to "defendants" or a specifically named defendant shall refer to each defendant and those defendants sued under fictitious names.

4.  CLOROX is informed and believes, and on that basis alleges, that each of the defendants was the agent, servant, employee and/or representative of the other named defendants and that each such defendant at all times herein mentioned committed such acts or omissions within the course and scope of its/his/her/their agency, employment or representative capacity with full knowledge, consent, authority and ratification of each of the other defendants named herein.

**JURISDICTION AND VENUE**

5.  Jurisdiction in this Court is proper pursuant to 28 U.S.C. §1332.  There is complete diversity of citizenship because CLOROX is a citizen of Delaware and California while the members of VEOLIA are citizens of Massachusetts.  The amount in controversy exceeds $75,000.00.

6.  The claims asserted herein arose in this judicial district and on information and belief, VEOLIA does substantial business in this judicial district.

7.  Venue is proper in this judicial district under 28 U.S.C. section 1391(b) and (c) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**THE ENVIRONMENTAL SERVICES AGREEMENT**

8.  CLOROX was not and is not in the business of disposing of waste materials, including hazardous materials.  As such, it hired and relied upon experts such as VEOLIA to perform hazardous and other waste materials disposal services, including but not limited to the analysis, collection, management, treatment, remediation of, transportation of, disposal of and recycling of hazardous  and other waste materials.

9.  VEOLIA was and is in the business of helping customers in the industrial, commercial and governmental sectors safely manage waste and treat, recycle and dispose of

hazardous and regulated materials and wastes.  VEOLIA represented to CLOROX that it was equipped with unmatched knowledge, experience and technology to provide value-added services that protect people and the environment.  VEOLIA held itself out to CLOROX as a well-trained and skilled expert in hazardous waste material disposal services with the skill, training and expertise to safely and properly dispose of CLOROX's hazardous waste materials.

10. CLOROX entered into an Environmental Services Agreement ("Agreement") on or about August 25, 1998, with Advanced Environmental Technical Services, Inc. for services related to plaintiff's hazardous and other waste materials.

11. In 2000, CLOROX entered a Novation Agreement with Onyx Environmental Services, LLC, in which Onyx was the successor in interest to Advanced Environmental Technical Services, LLC.  Through the Novation Agreement, Onyx agreed to provide all services to CLOROX on all the same substantive terms and conditions as set out in the Agreement.  The Novation Agreement also made Onyx responsible for any indemnification obligations arising out of events occurring on or after the effective date of the Novation Agreement.

12. On or about July 21, 2006, Onyx submitted a Limited Liability Company Application for Registration Certificate of Amendment to the California Secretary of State in which Onyx changed its name to Veolia ES Technical Solutions, LLC.

13. Pursuant to the Agreement, VEOLIA was to perform "Services" for CLOROX, defined as "analytical, collection, management, treatment, remediations, transportation, disposal and recycling services and such other services which [VEOLIA] may perform from time to time with respect to [CLOROX's] waste materials."  (Agreement at ¶ 1.)  VEOLIA was to perform the Services in a "safe and workmanlike manner, and in compliance with all statutes, ordinances, laws, orders, rules and regulations applicable to the Services."  (Agreement at ¶ 6c.)  VEOLIA warranted it is engaged in the business of performing Services with respect to waste materials and has developed the requisite expertise to perform the Services agreed to between CLOROX and VEOLIA.  (Agreement at ¶ 6a.)

14. The Agreement also included terms for indemnification between CLOROX and VEOLIA. VEOLIA agreed to indemnify CLOROX as follows:

> [VEOLIA] agrees to indemnify and save harmless [CLOROX] and its officers, directors, employees and affiliates from and against any and all liabilities, losses, penalties, fines, claims, costs and expenses incidental thereto (including costs of defense, settlement, and reasonable attorneys' fees), which any or all of them may hereafter suffer, incur or be responsible for or pay out as a result of bodily injuries (including death), property damage, contamination of or adverse effects on the environment, or any violation or alleged violation of statutes, ordinances, laws, orders, rules or regulations, (a) to the extent caused by [VEOLIA's] breach of this Agreement, or by any negligent act, negligent omission or willful misconduct of [VEOLIA] or its employees in the performance of this Agreement. . . .

Agreement at ¶ 11.

15.  The Agreement further requires CLOROX provide VEOLIA with written notice of a "claim within a reasonable period of time" after CLOROX becomes aware of a claim to avoid waiver of the indemnity claim.  "Claims for indemnification will be barred if the indemnitee fails to provide written notice of the claim to the indemnitor within a reasonable period of time and the indemnitor is prejudiced by said lack of notice."  (Agreement at ¶ 12.)

**THE UNDERLYING INCIDENT**

16.  On November 17, 2014, Louie Guzman, a special employee of VEOLIA's (hired via subcontract with Workers.com), and Aaron Edwards, a VEOLIA Field Operations Supervisor, went to CLOROX's Pleasanton facility ("the Clorox facility") to perform Services related to hazardous waste materials pursuant to the Agreement.

17.  VEOLIA was responsible for directing and controlling all of Edwards' work in performing Services for CLOROX, including providing Edwards with all direction, instruction and supervision.

18.  VEOLIA and Edwards were responsible for directing and controlling all of

Guzman's work in performing Services for CLOROX, including providing Guzman with all direction, instruction and supervision.

19. Guzman was not a full-time hazmat technician.  He did not have a high school diploma and prior to the subject incident struggled with substance abuse (alcohol and methamphetamines), used marijuana regularly, and had untreated ADHD.  Despite these issues, VEOLIA accepted Guzman as a temporary employee and had him work with hazardous waste materials with little or no training or supervision.

20. Edwards, Guzman's supervisor on November 17, 2014, conducted a safety meeting with Guzman prior to beginning the work in which he went over the work to be performed, equipment needed, emergency exits and procedures if an emergency arose.

21. VEOLIA also provided Guzman with personal protective equipment and other equipment needed for bulking, disposal and transportation of hazardous waste.

22. Despite Guzman's lack of training and VEOLIA's obligations under the Agreement, Edwards left Guzman alone multiple times throughout the day on November 17, 2014, and was not sufficiently monitoring or supervising Guzman.  In fact, Edwards left the Clorox facility and left Guzman at the Clorox facility on his own to continue performing tasks related to the hazardous waste materials services.

23. Given VEOLIA's obligations and Guzman's skill level, Edwards, as VEOLIA's Field Operations Supervisor, should have stayed at the Clorox facility at all times to oversee the Services being provided on November 17, 2014, pursuant to the Agreement.  Edwards should not have left Guzman at the CLOROX facility without Edwards' supervision and monitoring.

24. Guzman, without proper training from VEOLIA and without proper supervision and monitoring from Edwards, improperly bulked and handled hazardous waste materials on November 17, 2014, resulting in a drum containing hazardous waste materials rupturing.

25. As a result of VEOLIA's, Edwards' and Guzman's negligence, Guzman was injured when a drum containing hazardous waste materials ruptured.

26. CLOROX received formal notice of Guzman's personal injury claim via letter dated June 11, 2015.

27. VEOLIA had an obligation under the Agreement to indemnify and defend CLOROX from Guzman's claims.

28. CLOROX tendered its indemnity and defense of Guzman's claim to VEOLIA on March 18, 2016, in writing.

29. Guzman filed a personal injury action against CLOROX, VEOLIA and others in the Alameda County Superior Court on or about November 16, 2016, titled *Louie Guzman v. The Clorox Company, Clorox Services Company, Jonathan E. Scruggs, An Individual, Veolia ES Technical Solutions, LLC, Veolia Environmental Services North America, Inc., Aaron Edwards, An Individual, and Does 1-50, Inclusive*, Case No. RG16839051 ("the Guzman Action").

30. Guzman filed a First Amended Complaint on or about March 9, 2017.

31. The Guzman Action included several causes of action specifically naming VEOLIA and/or its employee, Aaron Edwards, including claims for general negligence/negligent exercise of retained control, breach of non-delegable duty/breach of regulatory duty/negligence per se, and negligence (respondeat superior).

32. VEOLIA, despite its obligations under the Agreement, denied CLOROX's tender of defense and indemnity via correspondence on or about May 16, 2017.

33. On or about October 28, 2019, the trial court dismissed the Guzman Action as to VEOLIA following VEOLIA's summary judgment motion upon a finding that Guzman was VEOLIA's "special employee."   The Court found no triable issue of fact existed to dispute the special employment relationship between Guzman and VEOLIA because 1) VEOLIA directed and controlled Guzman's work, 2) Guzman consented to VEOLIA's supervision, 3) VEOLIA furnished the place of performance as well as most of the tools and equipment Guzman used for the job, 4) Guzman had worked for VEOLIA for approximately six months (though not exclusively), 5) VEOLIA indirectly paid Guzman and 6) VEOLIA had the right to fire Guzman. As such, Guzman's claims against VEOLIA fell within the exclusivity provisions of the Worker's Compensation Act.

34. CLOROX subsequently resolved the action with Guzman via a Confidential Settlement Agreement and Release and Waiver in or around December 6, 2019.

## FIRST CAUSE OF ACTION

### (Express Contractual Indemnity)

35. CLOROX refers to paragraphs 1 through 34 and incorporates them by reference as though fully set forth herein.

36. VEOLIA and DOES 1-10 were obligated to defend and indemnify CLOROX with respect to the Guzman Action.

37. The Agreement requires VEOLIA "to indemnify and save harmless [CLOROX] and its officers, directors, employees and affiliates from and against any and all liabilities, losses, penalties, fines, claims, costs and expenses incidental thereto (including costs of defense, settlement, and reasonable attorneys' fees), which any or all of them may hereafter suffer, incur or be responsible for or pay out as a result of bodily injuries (including death), property damage, contamination of or adverse effects on the environment, or any violation or alleged violation of statutes, ordinances, laws, orders, rules or regulations, (a) to the extent caused by [VEOLIA's] breach of this Agreement, or by any negligent act, negligent omission or willful misconduct of [VEOLIA] or its employees in the performance of this Agreement. . . ."  (Agreement at ¶ 11.)

38. VEOLIA, in violation of the Agreement, negligently performed Services for Clorox, resulting in injuries to its special employee, Guzman.  As a result, Guzman filed the Guzman Action naming CLOROX, its subsidiary and its employee, Jonathon Scruggs, as well as VEOLIA and related persons and entities.

39. VEOLIA, in violation of the Agreement, then failed to defend and indemnify CLOROX as the Agreement requires, despite CLOROX providing notice of the claim to VEOLIA within a reasonable time and tendering its defense and indemnity to VEOLIA.

40. In connection with its defense of the Guzman Action, and the prosecution of this Complaint, CLOROX expended costs, attorney's fees and other expenses, including the settlement with Guzman, in a total amount exceeding $2,000,000.00.

### PRAYER FOR RELIEF

Wherefore, plaintiff prays as follows:

1. For judgment in favor of plaintiff and against defendants for breach of contract

damages exceeding $2,000,000.00;

    2.    For plaintiff's costs of suit; and

    3.    For such other and further relief as the Court deems just and proper.

Dated:  January 5, 2021                      LIVINGSTON LAW FIRM

By _____
Renée Welze Livingston
Crystal L. Van Der Putten
Attorneys for Plaintiff
CLOROX SERVICES COMPANY

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure Rule 38, CLOROX SERVICES COMPANY hereby demands a jury trial on issues triable by a jury.

Dated:  January 5, 2021                      LIVINGSTON LAW FIRM

By _____
Renée Welze Livingston
Crystal L. Van Der Putten
Attorneys for Plaintiff
CLOROX SERVICES COMPANY