Marjan Hajimirzaee, Esq.
California Bar No. 283593
*mhajimirzaee@wwhgd.com*
WEINBERG, WHEELER, HUDGINS,
 GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838

*Attorneys for Defendant/Cross-Complainant*
*Veolia ES Technical Solutions, LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLOROX SERVICES COMPANY,<br><br>   Plaintiff,<br><br>   v.<br><br>VEOLIA ES TECHNICAL SOLUTIONS, LLC, and DOES 1-10,<br><br>   Defendant. | CASE NO. 3:21-CV-00057-SK<br><br>Complaint Filed: January 5, 2021<br><br>**VEOLIA ES TECHNICAL SOLUTIONS, LLC'S PROPOSED VERDICT FORM** |
| VEOLIA ES TECHNICAL SOLUTIONS, LLC,<br><br>   Cross-Complainant,<br>v.<br><br>CLOROX SERVICES COMPANY, and ROES 1 through 100, inclusive,<br><br>   Cross-Defendants. | |

/ / /

/ / /

/ / /

/ / /

/ / /

Veolia ES Technical Solutions, LLC ("Veolia") hereby respectfully submits its proposed verdict form. Veolia's proposed verdict form accurately reflects the claims of the parties pursuant to Clorox's Complaint and Veolia's Cross-Complaint. (Dkt. Nos. 1 and 11.)

In preparation for the jury trial in this matter, Clorox submitted a proposed verdict form to Veolia for consideration. After Veolia served its proposed changes to Clorox's verdict form, Clorox (for the first time) took the inexplicable position that Veolia had not asserted a failure to indemnify premised on breach of contract. This is non-sensical. The title of Veolia's Cross-Complaint is for "Express **Contractual** Indemnity." (Dkt. No. 11 (emphasis added).) In the action before this Court, Veolia contends that Clorox breached the parties' contract by, among other things, negligently identifying, categorizing and separating the materials to be bulked, and refusing to indemnify Veolia for the attorneys' fees and costs. (*Id.* at ¶¶ 11- 18.) Veolia is seeking a judgment in its favor and against Clorox "for **breach of contract** damages." (*Id.* at 4:15-16 (emphasis added).) Clorox's one-sided verdict form improperly excludes Veolia's claim for breach of contract.

Additionally, Clorox takes issue with Questions 3 and 6 of Veolia's proposed verdict form. Clorox contends that the jury should not determine whether Clorox incurred damages as a result of a breach because Veolia cannot dispute the reasonableness of the settlement amount in the underlying case. This is false. Clorox still has to prove that "Veolia breached the agreement and that the breach caused Clorox to suffer or incur the settlement amount." (*See* Dkt. 64, 5:12-14). Cal. Civ. Code Section 2778 requires proof of damages. It is up to the jury to determine whether Clorox suffered damages as a result of any breach. Simply because there was a breach does not mean Clorox suffered damages. Clorox must prove all elements of a breach of contract claim, including damages.

DATED this 4th day of November, 2022.

*/s/ Marjan Hajimirzaee*
Marjan Hajimirzaee, Esq.
WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC
*Attorneys for Defendant/Cross-Complainant*
*Veolia ES Technical Solutions, LLC*

**PROPOSED VERDICT FORM**

1.     Did Veolia breach the Agreement?

        Yes     No

    Did Clorox breach the Agreement?

        Yes     No

*If you answered yes for any party, then answer Question 2 for that party. If you answered no for both parties, proceed to Question 4.*

2.     Did Veolia's breach of the Agreement cause bodily injuries to Louie Guzman?

        Yes     No

    Did Clorox's breach of the Agreement cause bodily injuries to Louie Guzman?

        Yes     No

*If you answered yes for any party, then answer Question 3 for that party. If you answered no for both parties, proceed to Question 4.*

3.     Did Clorox incur costs or expenses as a result of Veolia's breach of the Agreement?

        Yes     No

    Did Veolia incur costs or expenses as a result of Veolia's breach of the Agreement?

        Yes     No

*Proceed to Question 4.*

4.     Was Veolia negligent?

        Yes     No

    Was Clorox negligent?

        Yes     No

*If you answered yes for any party, then answer Question 5 for that party. If you answered no for both parties, sign and return the verdict. No further questions need to be answered.*

5. Was Veolia's negligence a substantial factor in causing bodily injuries to Louie Guzman?

    Yes     No

Was Clorox's negligence a substantial factor in causing bodily injuries to Louie Guzman?

    Yes     No

*If you answered yes for any party, then answer Question 6 for that party. If you answered no for both parties, sign and return the verdict. No further questions need to be answered.*

6. Did Clorox incur costs or expenses as a result of Veolia's negligence?

    Yes     No

Did Veolia incur costs or expenses as a result of Clorox's negligence?

    Yes     No

*ONLY IF you answered yes for both parties, proceed to Question 7. If you answered no for either party, sign and return the verdict. No further questions need to be answered.*

7. What percentage of responsibility for Louie Guzman's bodily injuries do you assign to each party? Total must be 100%:

Veolia: _____ %
Clorox: _____ %

_____
       100%

Dated: _____

Foreperson: _____

## PROOF OF SERVICE
### F.R.C.P. / C.C.P. § 1013a(3) / Cal. R. Ct. R. 2.260

**STATE OF NEVADA, COUNTY OF CLARK:**

At the time of service I was employed in the County of Clark, State of Nevada. I was over the age of 18 years and not a party to the within action. My business address is 6385 S. Rainbow Boulevard, Suite 400, Las Vegas, Nevada 89118.

On November 4, 2022, I served the foregoing document described as **VEOLIA ES TECHNICAL SOLUTIONS, LLC'S [PROPOSED] VERDICT FORM** on the interested parties in this action.

### SEE ATTACHED SERVICE LIST

The documents were served by the following means:

____ **By United States Mail.** I enclosed the documents in a sealed envelope(s) or package(s) addressed to the person(s) at the address(es) listed below.

I placed the envelope for collection and mailing, following our ordinary business practices, in Las Vegas, Nevada. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

____ **By Overnight Delivery.** I enclosed the documents in an envelope package provided by an overnight delivery carrier and addressed to the persons at the addresses above-stated. I placed the envelope/package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

____ **By Personal Service.** I served the documents by placing them in an envelope/package addressed to the persons at the addresses listed below and personally delivered them to the addressee.

_X_ **By Email.** I served the documents by transmitting a true copy thereof by electronic mail from to the interested party(ies) or their attorney(s) of record to said action at the electronic mail address(es) listed below.

____ **By Facsimile.** I served the documents by transmitting a true copy thereof by facsimile transmission to the interested party(ies) or their attorney(s) of record to said action at the facsimile number(s) listed below.

Executed on November 4, 2022, at Las Vegas, Nevada.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*/s/ Kelly L. Pierce*
Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC

**SERVICE LIST**
United States District Court No. 3:21-CV-00057-SK

Frank P. Kelly III
fkelly@shb.com
Melina Manetti, Esq.
mmanetti@shb.com
Shook Hardy & Bacon, LLP
555 Mission Street, Suite 2300
San Francisco, CA 94105
(415) 544-1900
(415) 391-0281 FAX

Lindsey K. Heinz, Esq.
Admitted Pro Hac Vice
lheinz@shb.com
Melissa M. Plunkett, Esq.
Admitted Pro Hac Vice
mplunkett@shb.com
Shook Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, MO 64108
(816) 474-6550
(816) 421-5547 FAX

*Attorneys for Plaintiff*
*Clorox Services Company*