1  FRANK P. KELLY III (SBN 83473)
   MELINA MANETTI (SBN 318350)
2  mmanetti@shb.com
   555 Mission Street Suite 2300
3  San Francisco, California 94105
   Telephone:    415.544.1900
4  Facsimile:    415.391.0281

5  LINDSEY K. HEINZ (*pro hac vice*)
   lheinz@shb.com
6  MELISSA M. PLUNKETT (*pro hac vice*)
   mplunkett@shb.com
7  SHOOK, HARDY & BACON L.L.P.
   2555 Grand Blvd
8  Kansas City, MO 64108
   Telephone:    816.474.6550
9  Facsimile:    816.421.5547

10 Attorneys for Plaintiff
   CLOROX SERVICES COMPANY

11

12                  UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14

15 CLOROX SERVICES COMPANY,            | Case No. 3:21-cv-00057-SK

16          Plaintiff,                 | Assigned to: Hon. Magistrate Judge Sallie Kim

17       v.                            | **JOINT PROPOSED JURY INSTRUCTIONS**

18 VEOLIA ES TECHNICAL SOLUTIONS, LLC,
   and DOES 1-10 ,
19
            Defendant.
20

21

22

23

24

25

26

27

28

1

**PRELIMINARY STATEMENT**

Pursuant to the Court's Case Management and Pretrial Order (Dkt. 22), Plaintiff Clorox Services Company ("Clorox") and Defendant Veolia ES Technical Solutions, LLC ("Veolia") hereby submit their Joint Proposed Jury Instructions.

1      **I.**      **PRELIMINARY INSTRUCTIONS**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Stipulated Instruction No. 1 re Duty of Jury**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected, and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

Model Civil Jury Instr. § 1.2 (9th Cir. 2022).

**Disputed Instruction No. 2 re Claims and Defenses, Offered by Clorox**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This case involves alleged breaches of an indemnity agreement between the parties, Clorox and Veolia. Clorox hired Veolia as its waste management provider for Clorox's waste materials. The parties thereby entered into a business contract which governs the terms of their business relationship. This contract is the Environmental Services Agreement, referred to as the "Agreement." The Agreement includes an indemnification provision under which Veolia agreed to indemnify Clorox from and against any liabilities and related financial losses caused by (1) Veolia's breach of the Agreement; and/or (2) Veolia or its employees' negligent acts, omissions, or misconduct. The Agreement contains a similar indemnification provision requiring Clorox to indemnify Veolia from and against any liabilities and related financial losses caused by Clorox or its employees' negligent acts, omissions, or misconduct. The parties' claims in this lawsuit relate to an incident that occurred on November 17, 2014 (referred to as the "Incident"). Each party contends that the other was solely responsible for this Incident and had a duty to indemnity the other against financial losses resulting therefrom.

On November 17, 2014, Veolia's employee Louie Guzman was performing work related to Clorox's waste at Clorox's Pleasanton facility when a 55-gallon waste collection drum ruptured, causing bodily injuries to Mr. Guzman. Pursuant to the parties' Agreement, both Clorox and Veolia requested that the other party indemnify it against any liabilities and losses associated with this Incident; they each rejected the other's request. Mr. Guzman has since been fully compensated for his bodily injuries. At issue in this case is who is responsible for the Incident and, as a result, responsible for the compensation paid to Mr. Guzman and related costs.

The plaintiff Clorox Services Company brings one cause of action against Veolia ES Technical Solutions, LLC for Breach of Express Contractual Indemnity, and asserts that Mr. Guzman's bodily injuries were due to (1) Veolia's breach of the parties' Agreement; and/or (2)

4

Veolia's or its employees' negligent acts, omissions, or misconduct. The plaintiff has the burden of proving these claims.

The defendant Veolia denies those claims and also contends that Mr. Guzman's bodily injuries were due to Clorox's or its employees' negligent acts, omissions, or misconduct. The defendant has the burden of proving this counterclaim.

The plaintiff Clorox denies defendant's counterclaim.

At bottom, each party claims the other was responsible for the Incident leading to bodily injuries to Veolia's employee Mr. Guzman.

Model Civil Jury Instr. § 1.5 (9th Cir. 2022).

5

**Disputed Instruction No. 2 re Claims and Defenses, Offered by Veolia**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This case involves alleged breaches of an indemnity agreement between the parties, Clorox and Veolia. Clorox hired Veolia as its waste management provider for Clorox's waste materials. The parties thereby entered into a business contract which governs the terms of their business relationship. This contract is the Environmental Services Agreement, referred to as the "Agreement." The Agreement includes an indemnification provision under which Veolia agreed to indemnify Clorox from and against any liabilities and related financial losses caused by (1) Veolia's breach of the Agreement; and/or (2) Veolia or its employees' negligent acts, omissions, or misconduct. The Agreement contains a similar indemnification provision requiring Clorox to indemnify Veolia from and against any liabilities and related financial losses caused by (1) Clorox's breach of the Agreement; and/or (2) Clorox or its employees' negligent acts, omissions, or misconduct. The parties' claims in this lawsuit relate to an incident that occurred on November 17, 2014 (referred to as the "Incident"). Each party contends that the other was solely responsible for this Incident and had a duty to indemnify the other against financial losses resulting therefrom.

On November 17, 2014, Veolia's employee Louie Guzman was performing work related to Clorox's waste at Clorox's Pleasanton facility when a 55-gallon waste collection drum ruptured, causing bodily injuries to Mr. Guzman. Pursuant to the parties' Agreement, both Clorox and Veolia requested that the other party indemnify it against any liabilities and losses associated with this Incident; they each rejected the other's request. Mr. Guzman has since been fully compensated for his bodily injuries. At issue in this case is who is responsible for the Incident and, as a result, responsible for the compensation paid to Mr. Guzman and related costs.

The plaintiff Clorox Services Company brings one cause of action against Veolia ES Technical Solutions, LLC for Breach of Express Contractual Indemnity, and asserts that Mr. Guzman's bodily injuries were due to (1) Veolia's breach of the parties' Agreement; and/or (2)

Veolia's or its employees' negligent acts, omissions, or misconduct. The plaintiff has the burden of proving these claims.

The defendant Veolia denies those claims and also contends that Mr. Guzman's bodily injuries were due to (1) Clorox's breach of the parties' Agreement; and/or (2) Clorox's or its employees' negligent acts, omissions, or misconduct. The defendant has the burden of proving this counterclaim.

The plaintiff Clorox denies defendant's counterclaim.

At bottom, each party claims the other was responsible for the Incident leading to bodily injuries to Veolia's employee Mr. Guzman.

Model Civil Jury Instr. § 1.5 (9th Cir. 2022).

**Stipulated Instruction No. 3 re Burden of Proof—Preponderance of the Evidence**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it. Model Civil Jury Instr. § 1.6 (9th Cir. 2022).

8

**Stipulated Instruction No. 4 re What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I may instruct you to accept as proved.

Model Civil Jury Instr. § 1.9 (9th Cir. 2022).

## Stipulated Instruction No. 5 re What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

4. Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Model Civil Jury Instr. § 1.10 (9th Cir. 2022).

**Stipulated Instruction No. 6 re Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence. Model Civil Jury Instr. § 1.12 (9th Cir. 2022).

**Stipulated Instruction No. 7 re Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

Model Civil Jury Instr. § 1.13 (9th Cir. 2022).

**Stipulated Instruction No. 8 re Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Model Civil Jury Instr. § 1.14 (9th Cir. 2022).

13

## Stipulated Instruction No. 9 re Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also,

14

do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

Model Civil Jury Instr. § 1.15 (9th Cir. 2022).

**Stipulated Instruction No. 10 re No Transcript Available to Jury**

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

Model Civil Jury Instr. § 1.17 (9th Cir. 2022).

**Stipulated Instruction No. 11 re Taking Notes**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

Model Civil Jury Instr. § 1.18 (9th Cir. 2022).

**Stipulated Instruction No. 12 re Questions to Witnesses by Jurors During Trial**

When attorneys have finished their examination of a witness, you may ask questions of the witness.  <u>If you have a question, you should write your question on a piece of paper, raise your hand, and hand your written question to the bailiff.</u>  If the rules of evidence do not permit a particular question, I will advise you.  After your questions, if any, the attorneys may ask additional questions. Model Civil Jury Instr. § 1.19 (9th Cir. 2022).

**Stipulated Instruction No. 13 re Bench Conferences and Recesses**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Model Civil Jury Instr. § 1.20 (9th Cir. 2022).

**Stipulated Instruction No. 14 re Outline of Trial**

~~This~~ Trials <u>will</u> proceed in the following way:  First, each side ~~may~~ <u>will</u> make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  ~~A party is not required to make an opening statement.~~

<u>Clorox</u>, the plaintiff, will then present evidence, and counsel for <u>Veolia,</u> the defendant, may cross-examine.  Then <u>Veolia,</u> the defendant <u>and cross-claimant</u>, may present evidence, and counsel for <u>Clorox,</u> the plaintiff, may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Model Civil Jury Instr. § 1.21 (9th Cir. 2022).

## Disputed Instruction No. 15 re Stipulations of Fact, Offered by Clorox

The parties have agreed to certain facts that will be read to you.  You must therefore treat these facts as having been proved.

1. Clorox Services Company is a subsidiary of The Clorox Company and provides services for The Clorox Company's operations, manufacturing, and product development.

2. Veolia Technical Solutions, LLC is a waste management company.

3. Clorox hired Veolia as its waste management provider for Clorox's waste materials.

4. The parties thereby entered into a business contract. The parties agree that the contract governing the terms of their business relationship is the Environmental Services Agreement, referred to as the "Agreement."

5. The Agreement refers to the provider as "AETS". AETS was a predecessor waste management provider. The parties agree that all references to "AETS" in the Agreement shall be read to refer instead to "Veolia."

6. The Agreement was entered into prior to the date of the Incident and was valid on the date of the Incident. The parties agree that the Agreement governs their claims in this lawsuit.

7. "Services" under the Agreement "means analytical, collection, management, treatment, remediation, transportation, disposal and recycling services and such other services [Veolia] may perform from time to time with respect to [Clorox's] waste materials."

8. In the Agreement, Veolia represented and warranted to Clorox that it "is engaged in the business of performing Services with respect to waste materials and has developed the requisite expertise to perform the Services agreed to by [Clorox] and [Veolia]" under the Agreement.

9. The Agreement required Veolia to provide its Services for Clorox "in a safe and workmanlike manner, and in compliance with all statutes, ordinances, laws, orders, rules and regulations applicable to the Services."

10. The Agreement required Clorox to provide Veolia "with a Profile Sheet describing all waste materials with respect to which Services will be performed."

11.    In the Agreement, Clorox represented and warranted to Veolia that "the description of and specifications pertaining to its waste materials in the Profile Sheet is and at all times will be true and correct in all materials respects, and waste materials tendered to [Veolia] will at all times, including, without limitation, at the time of recertification of the waste materials, conform to the description and specifications contained in the Profile Sheet."

12.    Clorox further represented and warranted that it "has made available all information it has regarding the waste materials and the surface and subsurface conditions in the vicinity of the premises where the Services are to be performed, and if [Clorox] receives information that the waste materials described in a Profile Sheet present, or may present, a hazard or risk to persons or the environment not reasonably discussed in the Profile Sheet, Customer will promptly report such information to [Veolia]."

13.    The Agreement further required Clorox to "comply with all applicable statutes, ordinances, laws, orders, rules and regulations, and shall provide [Veolia] a safe work environment for Services performed on any premises owned or controlled by [Clorox]."

14.    The Agreement included an express indemnity provision under which Veolia expressly agreed to indemnify Clorox from and against any and all liabilities, claims, and costs and expenses incidental thereto that Clorox is responsible for or pays out as a result of bodily injuries to the extent caused by Veolia's breach of the Agreement or by any negligent act, negligent omission or willful misconduct of Veolia or its employees in the performance of the Agreement.

15.    The Agreement included a parallel provision under which Clorox expressly agreed to indemnify Veolia from and against any and all liabilities, claims, and costs and expenses incidental thereto that Veolia is responsible for or pays out as a result of bodily injuries to the extent caused by any negligent act, negligent omission or willful misconduct of Clorox or its employees in the performance of the Agreement.

16.    The underlying Incident giving rise to the parties' claims in this lawsuit occurred on November 17, 2014.

17.    At the time of the Incident, Aaron Edwards was a Veolia Field Operations Supervisor.

22

1    18.    At the time of the Incident, Louie Guzman was a temporary contract employee of

2    Veolia.

3    19.    At the time of the Incident, Jonathan Scruggs was a Senior Technician for Clorox.

4    20.    On November 17, 2014, Aaron Edwards and Louie Guzman came to a Clorox facility

5    in Pleasanton, California to perform work related to Clorox's waste. Jonathan Scruggs was working

6    at Clorox's Pleasanton facility on that day.

7    21.    While performing this work, a 55-gallon waste collection drum ruptured causing

8    Louie Guzman bodily injuries.

9    22.    The 55-gallon waste collection drum that ruptured contained unlike chemical waste.

10    23.    Louie Guzman has been fully compensated for his bodily injuries.

11    Model Civil Jury Instr. § 2.2 (9th Cir. 2022).

**Disputed Instruction No. 15 re Stipulations of Fact, Offered by Veolia**

The parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved.

1. Clorox Services Company is a subsidiary of The Clorox Company and provides services for The Clorox Company's operations, manufacturing, and product development.

2. Veolia Technical Solutions, LLC is a waste management company.

3. Clorox hired Veolia as its waste management provider for Clorox's waste materials.

4. The parties thereby entered into a business contract. The parties agree that the contract governing the terms of their business relationship is the Environmental Services Agreement, referred to as the "Agreement."

5. The Agreement refers to the provider as "AETS". AETS was a predecessor waste management provider. The parties agree that all references to "AETS" in the Agreement shall be read to refer instead to "Veolia."

6. The Agreement was entered into prior to the date of the Incident and was valid on the date of the Incident. The parties agree that the Agreement governs their claims in this lawsuit.

7. "Services" under the Agreement "means analytical, collection, management, treatment, remediation, transportation, disposal and recycling services and such other services [Veolia] may perform from time to time with respect to [Clorox's] waste materials."

8. In the Agreement, Veolia represented and warranted to Clorox that it "is engaged in the business of performing Services with respect to waste materials and has developed the requisite expertise to perform the Services agreed to by [Clorox] and [Veolia]" under the Agreement.

9. The Agreement required Veolia to provide its Services for Clorox "in a safe and workmanlike manner, and in compliance with all statutes, ordinances, laws, orders, rules and regulations applicable to the Services."

10. The Agreement required Clorox to provide Veolia "with a Profile Sheet describing all waste materials with respect to which Services will be performed."

24

11.     In the Agreement, Clorox represented and warranted to Veolia that "the description of and specifications pertaining to its waste materials in the Profile Sheet is and at all times will be true and correct in all materials respects, and waste materials tendered to [Veolia] will at all times, including, without limitation, at the time of recertification of the waste materials, conform to the description and specifications contained in the Profile Sheet."

12.     Clorox further represented and warranted that it "has made available all information it has regarding the waste materials and the surface and subsurface conditions in the vicinity of the premises where the Services are to be performed, and if [Clorox] receives information that the waste materials described in a Profile Sheet present, or may present, a hazard or risk to persons or the environment not reasonably discussed in the Profile Sheet, Customer will promptly report such information to [Veolia]."

13.     The Agreement further required Clorox to "comply with all applicable statutes, ordinances, laws, orders, rules and regulations, and shall provide [Veolia] a safe work environment for Services performed on any premises owned or controlled by [Clorox]."

14.     The Agreement included an express indemnity provision under which Veolia expressly agreed to indemnify Clorox from and against any and all liabilities, claims, and costs and expenses incidental thereto that Clorox is responsible for or pays out as a result of bodily injuries to the extent caused by Veolia's breach of the Agreement or by any negligent act, negligent omission or willful misconduct of Veolia or its employees in the performance of the Agreement.

15.     The Agreement included a parallel provision under which Clorox expressly agreed to indemnify Veolia from and against any and all liabilities, claims, and costs and expenses incidental thereto that Veolia is responsible for or pays out as a result of bodily injuries to the extent caused by Clorox's breach of the Agreement or by any negligent act, negligent omission or willful misconduct of Clorox or its employees in the performance of the Agreement.

16.     The underlying Incident giving rise to the parties' claims in this lawsuit occurred on November 17, 2014.

17.     At the time of the Incident, Aaron Edwards was a Veolia Field Operations Supervisor.

18. At the time of the Incident, Louie Guzman was an employee of Veolia.

19. At the time of the Incident, Jonathan Scruggs was a Senior Technician for Clorox.

20. On November 17, 2014, Aaron Edwards and Louie Guzman came to a Clorox facility in Pleasanton, California to perform work related to Clorox's waste. Jonathan Scruggs was working at Clorox's Pleasanton facility on that day.

21. While performing this work, a 55-gallon waste collection drum ruptured causing Louie Guzman bodily injuries.

22. The 55-gallon waste collection drum that ruptured contained unlike chemical waste.

23. Louie Guzman has been fully compensated for his bodily injuries.

Model Civil Jury Instr. § 2.2 (9th Cir. 2022).

1   II.     **INSTRUCTIONS DURING THE PRESENTATION OF EVIDENCE**

27

**Stipulated Instruction No. 16 re Deposition in Lieu of Live Testimony**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of Owen Leslie Harold was taken on April 8 and May 9, 2019. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Model Civil Jury Instr. § 2.4 (9th Cir. 2022).

**Disputed Instruction No. 17 re Deposition in Lieu of Live Testimony, Offered by Clorox**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of Louie Guzman was taken on July 24, 2018, and March 27, 2019. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Model Civil Jury Instr. § 2.4 (9th Cir. 2022).

**Disputed Instruction No. 17 re Deposition in Lieu of Live Testimony, Offered by Veolia**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of Louie Guzman was taken on January 23, 2017, July 24, 2018, and March 27, 2019. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Model Civil Jury Instr. § 2.4 (9th Cir. 2022).

**Stipulated Instruction No. 18 re Deposition in Lieu of Live Testimony**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of Aaron Edwards was taken on May 21, 2019 and June 5, 2019. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Model Civil Jury Instr. § 2.4 (9th Cir. 2022).

**Stipulated Instruction No. 19 re Deposition in Lieu of Live Testimony**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of Peili Lawyer was taken on October 16, 2019. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Model Civil Jury Instr. § 2.4 (9th Cir. 2022).

**Stipulated Instruction No. 20 re Deposition in Lieu of Live Testimony**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of Douglas Matkins was taken on May 8, 2019. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Model Civil Jury Instr. § 2.4 (9th Cir. 2022).

**Stipulated Instruction No. 21 re Deposition in Lieu of Live Testimony**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

The deposition of John Maier was taken on October 18, 2019.  Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Model Civil Jury Instr. § 2.4 (9th Cir. 2022).

**Stipulated Instruction No. 22 re Expert Opinion**

You are about to hear testimony from Robert West who will testify to opinions and the reasons for his opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Model Civil Jury Instr. § 2.13 (9th Cir. 2022).

**Stipulated Instruction No. 23 re Expert Opinion**

You are about to hear testimony from Neal Langerman who will testify to opinions and the reasons for his opinions.  This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Model Civil Jury Instr. § 2.13 (9th Cir. 2022).

## Stipulated Instruction No. 24 re Evidence for Limited Purpose

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

The testimony you are about to hear may be considered only for the limited purpose of [*describe purpose*] and not for any other purpose.

Model Civil Jury Instr. § 1.11 (9th Cir. 2022).

**Stipulated Instruction No. 25 re Cautionary Instructions**

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

If you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.

Model Civil Jury Instr. § 2.0 (9th Cir. 2022).

1     **III.**    **FINAL INSTRUCTIONS**

**Stipulated Instruction No. 26 re Duty of Jury (Court Reads and Provides Written Instructions at End of Case)**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

Model Civil Jury Instr. § 1.4 (9th Cir. 2022).

**Stipulated Instruction No. 27 re What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I have instructed you to accept as proved.

Model Civil Jury Instr. § 1.9 (9th Cir. 2022).

41

**Stipulated Instruction No. 28 re What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.  Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

4.  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Model Civil Jury Instr. § 1.10 (9th Cir. 2022).

42

## Stipulated Instruction No. 29 re Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Model Civil Jury Instr. § 1.12 (9th Cir. 2022).

43

**Stipulated Instruction No. 30 re Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case, if any;

5.    the witness's bias or prejudice, if any;

6.    whether other evidence contradicted the witness's testimony;

7.    the reasonableness of the witness's testimony in light of all the evidence; and

8.    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Model Civil Jury Instr. § 1.14 (9th Cir. 2022).

44

**Disputed Instruction No. 31 re Impeachment Evidence – Witness, Offered by Clorox**

The evidence that a witness <u>has been convicted of a crime or has had issues with drug and alcohol use</u> may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness <u>or to show that Veolia was negligent in hiring its employees</u> ~~and for no other purpose~~.

Model Civil Jury Instr. § 2.9 (9th Cir. 2022); *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994).

45

**Disputed Instruction No. 31 re Impeachment Evidence – Witness**

**Veolia contends no such instruction should be given.**

**Stipulated Instruction No. 32 re Charts and Summaries Not Received in Evidence**

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Model Civil Jury Instr. § 2.14 (9th Cir. 2022).

**Stipulated Instruction No. 33 re Burden of Proof—Preponderance of the Evidence**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it. Model Civil Jury Instr. § 1.6 (9th Cir. 2022).

**Disputed Instruction No. 34 re Breach of Contract, Offered by Clorox**

The first issue for your determination is whether Veolia breached the Service Agreement.

Clorox claims that Veolia breached the Service Agreement by failing perform services for Clorox in a safe and workmanlike manner. To meet its burden on this claim, Clorox must prove all of the following by a preponderance of the evidence:

1. That Veolia failed to either perform services for Clorox in a safe and workmanlike manner;

2. That Clorox did all, or substantially all, of the significant things the Service Agreement required; and

3. That Veolia's conduct was a substantial factor in causing Louie Guzman's harm.

Veolia denies that it breached the Service Agreement by failing perform services for Clorox in a safe and workmanlike manner.

Judicial Council of California Civil Jury Instructions Nos. 300; 303 (2021) ("CACI"); *D'Arrigo Bros. of California v. United Farmworkers of Am.*, 224 Cal. App. 4th 790, 800, 169 Cal. Rptr. 3d 171, 178 (2014); *US Ecology, Inc. v. State of California*, 129 Cal. App. 4th 887, 909, 28 Cal. Rptr. 3d 894, 910 (2005).

**Disputed Instruction No. 34 re Breach of Contract, Offered by Veolia**

The first issue for your determination is whether Veolia and/or Clorox breached the Agreement.

To recover damages from Veolia for breach of contract, Clorox must prove all of the following by a preponderance of the evidence:

1.  That Veolia failed to do something that the Agreement required it to do;

2.  That Clorox did all, or substantially all, of the significant things the Agreement required it to do;

3.  That Veolia's conduct was a substantial factor in causing Louie Guzman's bodily injuries; and

4.  That Veolia's breach caused Clorox to incur costs or expenses.

Similarly, to recover damages from Clorox for breach of contract, Veolia must prove all of the following by a preponderance of the evidence:

1.  That Clorox failed to do something that the Agreement required it to do;

2.  That Veolia did all, or substantially all, of the significant things the Agreement required it to do;

3.  That Clorox's conduct was a substantial factor in causing Louie Guzman's bodily injuries; and

4.  That Clorox's breach caused Veolia to incur costs or expenses.

CACI Nos. 300, 303; BAJI 10.85; Cal. Civ. Code § 2778; Cal. Civ. Code § 3300; *Metzenbaum v. R.O.S. Assocs.*, 188 Cal. App. 3d 202, 211, 232 Cal. Rptr. 741 (Ct. App. 1986); *In re RFC and RESCAP Liquidating Trust Action*, 332 F.Supp.3d 1101, 1191 (D. Minn. 2018); *Rideau v. Stewart Title of California, Inc.*, 235 Cal. App. 4th 1286, 1294, 185 Cal. Rptr. 3d 887, 892 (2015); *Travelers Cas. & Sur. Co. of Am. v. Highland P'ship, Inc.*, No. 10CV2503 AJB DHB, 2012 WL 5928139, at *4 (S.D. Cal. Nov. 26, 2012); *First Nat'l Ins. Co. of Am. v. Hunt*, 2011 WL 2173765 *3 (E.D. Cal. 2011); *Four Star Elec., Inc. v. F & H Constr.*, 7 Cal. App. 4th 1375, 1379, 10 Cal. Rptr. 2d 1 (1992)..

**Disputed Instruction No. 35 re Safe and Workmanlike Manner, Offered by Clorox**

A party fails to perform services in a safe and workmanlike manner if it fails to perform safely and with care, skill, reasonable expedience, and faithfulness the thing agreed to be done.

You must decide if Veolia failed to perform services in a safe and workmanlike manner.

CACI No. 4510; *Kuitems v. Covell*, 104 Cal. App. 2d 482, 485, 231 P.2d 552 (1951); *Standard Oil Co. v. Intrepid, Inc.*, 26 Cal. App. 3d 135, 139, 102 Cal. Rptr. 604, 607 (Ct. App. 1972); *Fahey v. Gledhill*, 33 Cal. 3d 884, 885 (1983).

**Disputed Instruction No. 35 re Safe and Workmanlike Manner**

**Veolia contends no such instruction should be given.**

**Disputed Instruction No. 36 re Interpretation Disputed Words, Offered by Clorox**

In deciding what the words of a contract mean, you must decide what the parties intended at the time the contract was created. You may consider the usual and ordinary meaning of the language used in the contract as well as the circumstances surrounding the making of the contract.

CACI No. 314; *Lloyd's Underwriters v. Craig & Rush, Inc.*, 26 Cal. App. 4th 1194, 1197-98, 32 Cal. Rptr. 2d 144 (1994); *City of Hope Nat'l Med. Ctr. v. Genentech, Inc.*, 43 Cal. 4th 375, 395, 181 P.3d 142, 157-58 (2008).

**Disputed Instruction No. 36 re Interpretation Disputed Words**

**Veolia contends no such instruction should be given.**

**Disputed Instruction No. 37 re Construction by Conduct, Offered by Clorox**

In deciding what the words in a contract meant to the parties, you may consider how the parties acted after the contract was created but before any disagreement between the parties arose. CACI No. 318; *S. Pac. Transportation Co. v. Santa Fe Pac. Pipelines, Inc.*, 74 Cal. App. 4th 1232, 1242, 88 Cal. Rptr. 2d 777 (1999); *Crestview Cemetery Ass'n v. Dieden*, 54 Cal. 2d 744, 754, 356 P.2d 171, 176 (1960); *Kennecott Corp. v. Union Oil Co.*, 196 Cal. App. 3d 1179, 1189, 242 Cal. Rptr. 403 (Ct. App. 1987); *S. Cal. Edison Co. v. Superior Ct.*, 37 Cal. App. 4th 839, 851, 44 Cal. Rptr. 2d 227 (1995), *as modified on denial of reh'g* (Sept. 7, 1995).

**Disputed Instruction No. 37 re Construction by Conduct**

**Veolia contends no such instruction should be given.**

1                  **Disputed Instruction No. 38 re Negligence, Offered by Clorox**

2         The next issue for your determination is whether Veolia and/or Clorox were negligent in the

3 performance of their obligations under the Agreement.

4         Clorox claims that Veolia was negligent in its performance under the Agreement.  To meet

5 its burden on this claim, Clorox must prove by a preponderance of the evidence:

6       1.      That Veolia was negligent; and

7       2.      That Veolia's negligence was a substantial factor in causing Louie Guzman's bodily

8             injuries.

9         Veolia claims that Clorox was negligent in its performance under the Agreement.  To meet

10 its burden on this claim, Veolia must prove by a preponderance of the evidence:

11       1.      That Clorox was negligent; and

12       2.      That Clorox's negligence was a substantial factor in causing Louie Guzman's bodily

13             injuries.

14 CACI No. 400; *Raven H. v. Gamette*, 157 Cal. App. 4th 1017, 1025, 68 Cal. Rptr. 3d 897, 901

15 (2007); *Kumaraperu v. Feldsted*, 237 Cal. App. 4th 60, 68, 187 Cal. Rptr. 3d 583, 589 (2015).

**Disputed Instruction No. 38 re Negligence, Offered by Veolia**

The next issue for your determination is whether Veolia and/or Clorox were negligent in the performance of their obligations under the Agreement.

Clorox claims that Veolia was negligent in its performance under the Agreement. To meet its burden on this claim, Clorox must prove by a preponderance of the evidence:

1.     That Veolia was negligent;

2.     That Veolia's negligence was a substantial factor in causing Louie Guzman's bodily injuries; and

3.     That Clorox incurred costs or expenses as a result of Veolia's negligence.

Veolia claims that Clorox was negligent in its performance under the Agreement. To meet its burden on this claim, Veolia must prove by a preponderance of the evidence:

1.     That Clorox was negligent;

2.     That Clorox's negligence was a substantial factor in causing Louie Guzman's bodily injuries; and

3.     That Veolia incurred costs or expenses as a result of Clorox's negligence.

CACI No. 400; Cal. Civ. Code § 2778; *Eads v. Marks*, 39 Cal. 2d 807, 811-12, 249 P.2d 257 (1952); *In re Solara Med. Supplies, LLC Customer Data Sec. Breach Litig.*, No. 3:19-CV-2284-H-KSC, 2020 WL 2214152, at *3 (S.D. Cal. May 7, 2020).

**Stipulated Instruction No. 39 re Apportionment of Fault**

If you find that the negligence of both Veolia and Clorox were a substantial factor in causing Louie Guzman's bodily injuries, you must then decide how much responsibility each has by assigning percentages of responsibility to each party listed on the verdict form. The percentages must total 100 percent.

CACI No. 406.

59

**Stipulated Instruction No. 40 re Basic Standard of Care**

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act.  A person is negligent if that person does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in Veolia's situation.

You must decide how a reasonably careful person would have acted in Clorox's situation.

CACI No. 401.

## Stipulated Instruction No. 41 re Causation: Substantial Factor

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

CACI No. 430.

61

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### Stipulated Instruction No. 42 re Vicarious Responsibility

An employer is responsible for harm caused by the wrongful conduct of its employees while acting within the scope of their employment.

CACI No. 3700.

62

**Stipulated Instruction No. 43 re Legal Relationship Not Disputed**

In this case Aaron Edwards was the employee of Veolia. If you find that Aaron Edwards was acting within the scope of his employment when the incident occurred, then Veolia is responsible for any harm caused by Aaron Edwards's wrongful conduct.

In this case Louie Guzman was the employee of Veolia. If you find that Louie Guzman was acting within the scope of his employment when the incident occurred, then Veolia is responsible for any harm caused by Louie Guzman's wrongful conduct.

In this case Jonathan Scruggs was the employee of Clorox. If you find that Jonathan Scruggs was acting within the scope of his employment when the incident occurred, then Clorox is responsible for any harm caused by Jonathan Scruggs's wrongful conduct.

CACI No. 3703.

## Stipulated Instruction No. 44 re Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Model Civil Jury Instr. § 3.1 (9th Cir. 2022).

**Stipulated Instruction No. 45 re Consideration of Evidence – Conduct of Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may

65

be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

Model Civil Jury Instr. § 3.2 (9th Cir. 2022).

**Stipulated Instruction No. 46 re Communication with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

Model Civil Jury Instr. § 3.3 (9th Cir. 2022).

**Stipulated Instruction No. 47 re Return of Verdict**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

Model Civil Jury Instr. § 3.5 (9th Cir. 2022).

**IV.    DEADLOCKED JURY INSTRUCTION (AS NEEDED)**

## Stipulated Instruction No. 48 re Deadlocked Jury

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with the other jurors. During your deliberations, you should not be unwilling to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of the other jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now return to the jury room and continue your deliberations.

Model Civil Jury Instr. § 3.7 (9th Cir. 2022).

1    **V.     POST-DISCHARGE INSTRUCTION**

**Stipulated Instruction No. 49 re Post-Discharge Instruction**

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

Model Civil Jury Instr. § 3.9 (9th Cir. 2022).

Dated: November 4, 2022                            **SHOOK, HARDY & BACON L.L.P.**

                                          */s/ Frank P. Kelly III*
                                           Frank P. Kelly III

                                 Attorneys for Plaintiff and Cross-Defendant
                                 CLOROX SERVICES COMPANY

Dated: November 4, 2022                            **WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

                                          */s/ Marjan Hajimirzaee*
                                           Marjan Hajimirzaee, Esq.

                                 Attorneys for Defendant/Cross-Complainant
                                 Veolia ES Technical Solutions, LLC

## <u>ATTESTATION</u>

Pursuant to Local Rule 5-1(h)(3), I attest that the signatories listed above, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Frank P. Kelly III*

Frank P. Kelly

74

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I am over the age of eighteen years and not a party to the within action. My business address is 555 Mission Street, San Francisco, California 94105. On the date set forth below, I served the following:

### JOINT PROPOSED JURY INSTRUCTIONS

upon the following at the address stated below:

Marjan Hajimirzaee, Esq.
WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC
6385 S. Rainbow Boulevard, Suite 400
Las Vegas, Nevada 89118
Tel: (702) 938-3838
Email: mhajimirzaee@wwhgd.com
 Audra Bonney, Paralegal

*Attorneys for Defendant/Cross-Complainant*
*Veolia ES Technical Solutions, LLC*

Service was accomplished as follows:

X **BY ELECTRONIC TRANSMISSION:** I caused the document(s) listed above to be electronically transmitted to the person(s) listed above. Before first filing and serving electronically through the Court's ECF system, I confirmed the appropriate electronic service addresses for counsel being served. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. I declare under penalty of perjury under Federal law and the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on November 4, 2022, at San Francisco, California.

SHOOK, HARDY & BACON LLP

By: */s/ Melina Manetti*
Melina Manetti

Counsel for Plaintiff and Cross-Defendant
CLOROX SERVICES COMPANY